## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

GEORGE L. WILLOUGHBY,

        Plaintiff,

v.                                       20-CV-15-JFH-CDL

UNITED STATES OF AMERICA and
INTERNAL REVENUE SERVICE,

        Defendants.

### OPINION AND ORDER

        This matter is before the Court on the Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss"), filed by Defendant United States of America[1] [Dkt. No. 17], and the Motion to Amend Complaint ("Motion to Amend"), filed by Plaintiff George L. Willoughby [Dkt. No. 23]. For the reasons set forth below, the Motion to Dismiss is GRANTED and the Motion to Amend is DENIED.

### I.    PROCEDURAL HISTORY AND ALLEGATIONS IN THE COMPLAINT

        Mr. Willoughby, proceeding *pro se*, filed his Complaint against the United States on January 13, 2020 alleging he previously owed a tax debt of $10,950.16 to the Internal Revenue Service ("IRS"). Dkt. No. 1 at 3. As of the date of the Complaint, Mr. Willoughby alleges the IRS has "collected $9,368.93, leaving a balance of $1,581.23 still due" under the debt. *Id.* Mr. Willoughby further alleges the IRS seized his tax refunds for the years 2001 and 2002 in a total amount of $3,765.00. *Id.* Because Mr. Willoughby asserts the refunds were greater than the debt

---

[1] Plaintiff's suit names the United States of America and the Internal Revenue Service as Defendants. However, "[t]he Internal Revenue Service is not an entity capable of being sued." *Abell v. Sothen*, 214 Fed.Appx. 743, 750-51 (10th Cir. 2007). Therefore, as a "suit purporting to bring claims against the IRS is deemed to be a suit against the United States[,]" the Court will refer to the defendants herein as the United States. *Id.* at 751.

owed to the IRS, he alleges the IRS improperly seized the difference between the refunds and the debt owed, in the total amount of $2,183.77, for tax years 2001 and 2002.  *Id*.  In addition to demanding a refund for this amount, Mr. Willoughby's Complaint also seeks dismissal of $9,451.52 in penalties and interest he admittedly owes to the IRS.  *Id*.  Contemporaneously with the Complaint, Mr. Willoughby also submitted a "Motion to Cease Attemps [sic] at Collections," requesting the Court order the IRS to stop collection attempts against the Plaintiff [Dkt. No. 3 at 1] and a "Letter Ex Parte" with the Court [Dkt. No. 7], which provides some factual background and context for the claims raised in his Complaint.

On August 27, 2020, the United States filed the instant Motion, along with a Memorandum in Support of the Motion to Dismiss [Dkt. No. 18].[2]  The United States moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), arguing this Court has no jurisdiction over the Complaint because the United States has not waived its sovereign immunity for Mr. Willoughby's claims.  To provide factual support for the Motion to Dismiss, the United States offered the Declaration of IRS Revenue Officer Advisor Danny L. Sobities.  *See* Dkt. No. 18-1.  For tax year 2001, Mr. Sobities' declaration indicates the IRS received Mr. Willoughby's tax return on November 3, 2006.  Dkt. No. 18-1.  For tax year 2002, the IRS received Mr. Willoughby's tax return on June 3, 2006.  *Id*. According to Mr. Sobities, IRS records do not reflect Mr. Willoughby ever sought or received an extension to file his tax returns for tax years 2001 and 2002*. Id.*  The federal income tax withheld from Mr. Willoughby's paycheck and remitted to the IRS for tax years 2001 and 2002 totaled $2,678 and $6,825, respectively.  *Id*.  In his returns for tax years 2001 and 2002 (received by the

---

[2]  The Court will collectively refer to the Motion and the supporting Memorandum as the Motion to Dismiss.

IRS on November 3, 2006 and June 3, 2006, respectively), Mr. Willoughby reported income tax liability of $2,074 for 2001 and $3,664 for 2002. *Id.*

On August 27, 2020, Mr. Willoughby moved to amend his Complaint [Dkt. No. 23] and attached a proposed Amended Complaint [Dkt. No. 23-1 at 1-4]. To supplement some of the specific numbered claims and allegations in the proposed Amended Complaint, Mr. Willoughby also submitted a "Brief in Support of Complaint No. 1" [Dkt. No. 23-1 at 5-6], a "Brief in Support of Complaint No. 4" [Dkt. 23-1 at 7-9] and a "Brief in Support of Complaint #5" [Dkt. No. 23-1 at 10-17]. Attached to his filing was also a document titled, "Relief," wherein Mr. Willoughby proposes a compromise settlement with the United States. Dkt. No. 23-1 at 18-20. While the proposed Amended Complaint is somewhat more thorough and clearer in its allegations against the United States, in conjunction with the Briefs in Support of the Complaint, it asserts substantively identical claims as the original Complaint.

Mr. Willoughby responded to the Motion to Dismiss on September 17, 2020 (titled his "Motion to Deny Defendants [sic] Motion to Dismiss Plaintiffs' [sic] Complaint"), generally arguing the United States is without constitutional or statutory authority to seize his tax refunds. *See* Dkt. No. 26. He also submitted an "Answer to Defendants [sic] Memorandum" on September 17, 2020. Dkt. No. 28. While Mr. Willoughby's filings do address the fairness (or more appropriately here, the lack thereof) concerning his claimed refund, they do not substantively address the legal authority set forth by the United States in the Motion to Dismiss.

## II.     ANALYSIS

### A.  Standards for Dismissal

Mr. Willoughby filed his suit and proceeds *pro se* in this action, and the Court must liberally construe the Complaint to determine whether it contains "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). If "the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the court should dismiss the complaint. *Bell Atl. Corp.*, 550 U.S. at 558. The United States moves to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and further argues Mr. Willoughby cannot state a claim for constitutional violations, to the extent they are asserted in the Complaint and Mr. Willoughby's Response to the Motion to Dismiss and the proposed Amended Complaint. *See* Dkt. No. 32 at 4-5.

### i.    Rule 12(b)(1)

As the jurisdiction of federal courts is limited and there is a presumption against jurisdiction, the party invoking federal jurisdiction bears the burden of proof to demonstrate its existence. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519 (10th Cir. 1991). Generally, Rule 12(b)(1) motions are asserted in two ways: (1) a facial attack on the existence of subject matter jurisdiction; and (2) a challenge to the facts upon which subject matter jurisdiction is based. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Holt v. United States*, 46 F. 3d 1000, 1003 (10th Cir. 1995). "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* In such instances, the Court's reference to any evidence outside the pleadings does not automatically convert the United States' motion into one for summary judgment under Rule 56(d). *Id.*

Through its Motion to Dismiss, the United States asserts a Rule 12(b)(1) factual attack to Mr. Willoughby's assertions of jurisdiction and argues it has not waived sovereign immunity for

the claims included in the Complaint. Because it is a factual attack on jurisdiction, the Court will consider the declaration of Mr. Sobities submitted by the United States in support of the Motion to Dismiss and the accompanying documentary evidence.

A fundamental principle of sovereign immunity is that the United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms." *United States v. Dalm*, 494 U.S. 596, 608 (1990). Waivers of sovereign immunity must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). Any ambiguities are resolved against waiver and in favor of sovereign immunity of the United States. *United States v. Williams*, 514 U.S. 527, 531 (1995).

### ii.     Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court accepts as true all factual allegations, but that tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678.

### B.  Mr. Willoughby's Tax Refund Claim

Mr. Willoughby's Complaint demands a federal income tax refund for tax years 2001 and 2002 in the total amount of $2,183.77. Dkt. No. 1. This Court has subject matter jurisdiction over

civil actions for the "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have without authority or any sum alleged to have been excessive or in any manner wrongfully collected…"  28 U.S.C. § 1346(a)(1). Taxpayers are authorized "to commence a tax refund suit against the Government 'once a claim for refund or credit has been duly filed.'"  *Sorrentino v. I.R.S.*, 383 F.3d 1187, 1188 (10th Cir. 2004) (quoting 26 U.S.C. § 7422(a)).  Although the United States has waived sovereign immunity for tax refund suits under § 7422, this waiver is limited by 26 U.S.C. § 6511, which requires the "taxpayer to file a claim for refund or credit with the IRS within a specified period of time."  *Id*. "Thus, the taxpayer's timely filing of such claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit against the Government."  *Id*.

To avoid dismissal of his Complaint, Mr. Willoughby must establish a waiver of the United States' sovereign immunity by alleging he seeks a refund of taxes paid within three years of submitting the refund claims.  26 U.S.C. § 6511(b)(2)(A).  *See also Sugro, Inc. v. United States*, 1995 WL 365666, at *2, 57 F.3d 1081 (Table) (10th Cir. 1995) ("The statute of limitations . . . further provides that refunds are limited to taxes paid within three years before the claim for refund is filed.") and *Video Training Source, Inc. v. United States*, 991 F.Supp. 1256, 1261 (D.Colo. 1998) ("A refund claim, whether in the form of a return or otherwise, filed more than three years after an overpayment will not yield recovery of that overpayment.").  The United States refers to this three-year time as the "lookback period."  *See* Dkt. No. 18 at 7.  Even though they may result in occasional unfairness, the statutory time limitations in § 6511 "must be strictly enforced and are not subject to court intervention on fairness grounds."  *Linton v. Comm'r of Internal Revenue*, 764 Fed.Appx. 674, 679 (10th Cir. 2019).

Mr. Willoughby's submissions of his delinquent 2001 and 2002 tax returns constitute claims for a refund.  *See* 26 C.F.R. § 301.6402-3(a)(5).  The Declaration of Mr. Sobities accompanying the United States' Motion to Dismiss indicates Mr. Willoughby's federal income tax payments during 2001 and 2002 consist only of payroll taxes withheld by his employer.  *See* Dkt. No. 18-1.  Payroll withholdings are deemed to have been paid on the fifteenth day of the fourth month following the close of the taxable year.  26 U.S.C. § 6513(b)(1).  Thus, Mr. Willoughby's 2001 withholdings are deemed to have been paid to the IRS on April 15, 2002; therefore, the pertinent three year "lookback period" during which Mr. Willoughby could assert a refund claim for his 2001 taxes expired on April 15, 2005.  Similarly, Mr. Willoughby's 2002 withholdings are deemed paid to the IRS on April 15, 2003, and the pertinent three year "lookback period" during which Mr. Willoughby could assert a refund claim for his 2002 taxes expired on April 15, 2006.

The IRS did not receive Mr. Willoughby's 2001 and 2002 tax returns until November 3, 2006 and June 3, 2006, respectively.  While it may be unfair to Mr. Willoughby, no statutory authority exists to expand the "lookback period" required to maintain suit for his 2001 and 2002 tax refunds.  Therefore, Mr. Willoughby has not alleged facts to support a waiver of the United States' sovereign immunity for his tax refund claim and the court dismisses it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  While the Court is sympathetic to the unfairness that Mr. Willoughby expresses, a court simply cannot disregard, amend or rewrite statutory authority – even on the basis of unfairness.

### C.  Mr. Willoughby's Demand for Waiver of IRS Penalties and Interest

Mr. Willoughby's Complaint also asserts a cause of action to dismiss the penalties and interest he admittedly owes to the IRS, largely on the basis he cannot afford to pay the taxes and penalties

from his current income.[3]  *See* Dkt. No. 1 at 2.  *See also* Dkt. No. 22 at 2-3.  The Court interprets

this claim in Mr. Willoughby's Complaint to assert a declaratory action that he need not pay the

penalties and interest owed to the United States.  The Court further interprets Mr. Willoughby's

Motion to Cease Attemps [sic] at Collections [Dkt. No. 3] as a cause of action to enjoin the IRS

from collecting such penalties and interest.

    With limited exceptions, the Anti-Injunction Act (AIA), 26 U.S.C. § 7421(a), prohibits

suits by taxpayers "for the purpose of retraining the assessment or collection of any tax."  "The

purposes of the AIA 'is to permit the United States to assess and collect taxes alleged to be due

without judicial intervention, and to require that the legal right to the disputed sums be determined

in a suit for refund."  *Springer v. I.R.S.*, 231 Fed.Appx. 793, 797-98 (10th Cir. 2007) (quoting

*Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).  "Because penalties and

interest arising from the failure to pay taxes are assessed as taxes, *see* 26 U.S.C. § 6665(a)(2), the

AIA bars actions seeking to enjoin their assessment."  *Id*. at 798.  Similarly, and coextensive with

the AIA, the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, prohibits this Court "from

declaring the rights of litigating parties with respect to federal taxes."  *Wyoming Trucking Ass'n,*

*Inc. v. Bentsen*, 82 F.3d 930, 932- 33 (10th Cir. 1996).  Further, § 2201 is remedial and not a source

of subject matter jurisdiction for this Court.  *Fry Bros. Corp. v. Dep't of Housing and Urban Dev.*,

614 F.2d 732, 733 (10th Cir. 1980).  Mr. Willoughby has not identified, and the Court is not aware

---

[3]  The supporting attachments to Plaintiff's Motion to Amend indicate he received letters from the IRS noting his refunds for tax years 2001 and 2002 were "written off," presumably because he did not claim his refunds within the statutory limitations period of § 6511.  *See* Dkt. No. 23-1 at 8. Mr. Willoughby does not allege the "written off" refunds should have been credited to the interest and penalties he owes to the IRS.  Even if such an allegation were made, it would also fail under the time limitations of § 6511.  26 U.S.C. § 6402(a).  *See also Crum v. Comm'r of Internal Revenue*, 2008 WL 4276242, at *2 (T.C.M. Sept. 18, 2008) ("[U]nder section 6402(a) the application of overpayments of a taxpayer from other years to a particular year of the taxpayer is subject to the applicable refund period of limitations.").

of, any exceptions to the AIA or DJA under which his claim may proceed.  Therefore, the Court

lacks subject matter jurisdiction over Mr. Willoughby's claim regarding the penalties and interest

owed to the IRS and it is dismissed pursuant to Rule 12(b)(1).

### III.     PLAINTIFF'S ALLEGED CONSTITUTIONAL VIOLATIONS

Through his Complaint, Mr. Willoughby may allege the IRS's 36-month "lookback

period" in 26 U.S.C. § 6511 is unconstitutional.  *See* Dkt. No. 1 at 3 ("No one from Senator

Langford [sic] office to the Defendants 'IRS' can show Plaintiff were [sic] the 36 month rule is

legal according to the Constitution.").  Mr. Willoughby's Response to the Motion to Dismiss

asserts that § 6511 "can't be defended in a court of law" because it "lacks jurisdiction from the

Constitution of the United States."  *See* Dkt. No. 26 at 4.  In addition, Mr. Willoughby's Motion

to Amend his Complaint and accompanying exhibits arguably attempt to reassert a claim for the

unconstitutionality of § 6511.  *See* Dkt. No. 23 at 2 ("Why does the [IRS] get a 7 year to go back,

and audit tax returns. [sic]  The taxpayer only gets three years to file and get his…refund.").  *See*

*also* Dkt. No. 23-1 at 3 ("[T]he [IRS] gets a 7 year period in which to go back and collect taxes.

The tax payer gets three years.  Why can't I have the same rights as my government?").

Mr. Willoughby's allegations in both the Complaint and proposed Amended Complaint do

not identify a specific constitutional provision violated by § 6511.  However, federal district courts

have previously held that the procedures identified in § 6511 "provide a taxpayer with all the

process that he is due to recover his property" and a "failure to timely take advantage of these

procedures does not make the United States' retention of his overpayments a constitutional

violation."  *Ohlson v. United States*, 1993 WL 95645, *2-3 (D. Colo. Jan. 5, 1993).  *See also Vegas*

*v. United States*, 2001 WL 471893, *4 (D. Haw. March 14, 2001) ("Plaintiff's own failure to follow

the procedures for making a claim for refund does not make the United States' retention of the

alleged overpayments a constitutional violation.") and *Schentur v. United States*, 1992 WL 95798, *6 (N.D. Ohio April 20, 1992) (the plaintiff's objection that the waiver of sovereign immunity provided in § 6511 "is not commensurate with the IRS's power to collect taxes after assessment, and is therefore unconstitutional, does not state a valid cause of action.")

Because Mr. Willoughby does not allege a specific violation of his constitutional rights by the application of § 6511's time limitations to his refund claims, he has failed to state a plausible claim for relief in the Complaint. Further, to the extent Mr. Willoughby's Complaint could conceivably be read to assert a violation of his constitutional rights (*e.g.* an unconstitutional taking under the Fifth Amendment or a violation of his Fourteenth Amendment due process rights), such a claim fails as a matter of law. Mr. Willoughby's failure to claim a tax refund within the statutory period simply does not give rise to a constitutional violation for the United States' retention of his refund. Therefore, to the extent a constitutional violation is alleged in Mr. Willoughby's Complaint, it is dismissed pursuant to Rule 12(b)(6).

## IV.    LEAVE TO AMEND

In his Motion to Amend, Mr. Willoughby indicates he seeks to amend because the pre-printed form available to him at the time of filing his original Complaint did not offer sufficient space to "place all the information." Dkt. No. 23 at 2. Mr. Willoughby also proposes his Amended Complaint to: (1) demand a jury trial; (2) challenge the three-year limitation period of § 6511; (3) attach a letter from the IRS concerning his 2010 tax return; and (4) redesign his relief section to "offer a simple solution to the matter…if the [IRS] is interested." *Id*. at 2-3; *see also* Dkt. No. 23-1 at 14-15.

Ordinarily, a court should provide a *pro se* plaintiff leave to amend a deficient complaint. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Further, a court "should refuse leave

10

to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 137 F.3d 1300, 1315 (10th Cir. 2005)). "[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brever v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1483, at 587 (2d ed. 1990)).

Although leave to amend should be freely granted, particularly when *pro se* parties are involved, the Court finds that Mr. Willoughby's proposed Amended Complaint is subject to dismissal on the same bases discussed herein and any amendment to Mr. Willoughby's Complaint will be futile. Mr. Willoughby proposed Amended Complaint fails to allege he submitted an administratively sufficient claim for a tax refund as required by 26 U.S.C. §§ 7422(a) and 6511(a) for overpayment of taxes owed to the IRS. He also does not allege he paid these amounts within the statutory limitations period identified by § 6511(b)(2) as discussed above. Finally, Mr. Willoughby's proposed Amended Complaint does not allege, and cannot allege, a sufficient claim for a violation of his constitutional rights through the application of § 6511. Insofar as it does not appear possible that Mr. Willoughby can correct the defects in his Complaint, his request for leave to amend is denied.

IT IS THEREFORE ORDERED that Defendant United States of America's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 17] is GRANTED. Plaintiff's causes of action for a tax refund and dismissal of penalties and interest owed to the Internal Revenue Service alleged in the Complaint [Dkt. No. 1] are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for

lack of subject matter jurisdiction, with prejudice.  To the extent Plaintiff alleges a cause of action

for violation of his constitutional rights in the Complaint, it is dismissed for failure to state a claim

pursuant to Federal Rule of Procedure 12(b)(6), with prejudice.

IT IS FURTHER ORDERED that Plaintiff George L. Willoughby's Motion for Leave to

Amend his Complaint [Dkt. No. 23] is DENIED.

Dated this 2nd day of February 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE